BEND et al. v. HOFFMAN HOUSE OF NEW YORK.

(Supreme Court. Appellate Term. March 5, 1900.)

1. LANDLORD AND TENANT—AGREEMENT—FAILURE OF PROOF.

In an action on an agreement, made as part of the consideration for a lease, that the lessee should pay the water rents, plaintiffs sought to show that such agreement was made with N., the lessor's attorney, and alleged ownership of the claim. Defendant's agent, when asked by plaintiffs' attorney on the trial if he saw N., the agent of the owners, in regard to the lease, said that he did; but who the owners were did not appear. *Held,* that there was a failure to prove plaintiffs' ownership of the claim under the agreement, the lease having been executed by the lessor alone, as party of the first part.

2. SAME.

In an action on a lease, the will of the former owner of the premises was introduced in evidence to show that he had devised the premises to plaintiffs. The will named certain persons as devisees, but there was nothing to show that they were the persons named as plaintiffs. *Held,* that plaintiffs failed to prove any title to the claim sued on under the will.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Elizabeth A. Bend and others against the Hoffman House of New York. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Adams & Douras, for appellants.
Turner, McClure & Rolston, for respondent.

FREEDMAN, P. J. The plaintiffs in this action appeal from a judgment in favor of the defendant for costs, rendered after a trial of the issues by the court, without a jury. The action was brought to recover the sum of $239.96, being the amount assessed for Croton water rents upon certain premises for the years 1882 and 1886, leased to one Edward S. Stokes, which water rents Stokes, by the terms of such lease, had covenanted to pay. The plaintiffs' right to recover of the defendant herein rests upon the claim made by them that in 1894, at the time of the making and execution of a

1082    62 NEW YORK SUPPLEMENT    (Sup. Ct.

and 96 New York State Reporter.

lease for the same premises between Isaac Townsend and Stokes, it was agreed by Stokes, as part of the consideration for the making of such lease by Townsend, that Stokes should pay all the back taxes for water rent assessed against the premises, and that Stokes at the time of making such agreement was a director of, and acting for, the defendant. The plaintiffs allege in their complaint that they are the heirs and next of kin of Mary E. Townsend, deceased, and are the sole remainder-men of said premises under the last will of Isaac Townsend, deceased, and are the owners of the claim against the defendant. This was denied by the defendant in its answer. The proof given upon the trial by the plaintiffs fails to sustain those allegations. The plaintiffs sought to show that Stokes made the alleged agreement with one John McLean Nash, who it appears was the attorney for Isaac Townsend when the lease of 1894 was made. Stokes, who testified to the making of the agreement, was asked by the plaintiffs' attorney upon the trial if he saw Nash, the agent of the owners, in regard to the extension of the lease, and he said he did. Who those owners were, does not appear. That lease was executed by Isaac Townsend alone, as party of the first part. The will of Isaac Townsend, deceased, was offered in evidence, undoubtedly for the purpose of showing that the said deceased had devised the premises mentioned in the lease to these plaintiffs. The will names Isaac Townsend, Jr., Amy C. Townsend, Elizabeth Townsend, Sarah Helen Townsend, and Mary Alice Townsend as legatees and devisees therein. There is nothing to show that they are the persons named as plaintiffs herein, nor is it alleged or proven that these plaintiffs derived their title to the claim sued upon, or a right of action thereon, by assignment or otherwise, and it does not appear by the record that they are the real parties in interest. There being a failure of proof, the judgment of the trial court was correct, and must be affirmed.

Judgment affirmed, with costs.

LEVENTRITT, J., concurring.

MacLEAN, J. (dissenting). Mrs. Mary A. Townsend, as executrix, and Edmund S. Hamilton, as executor, under the will of Isaac Townsend, deceased, and Mary A. Townsend individually, executed December 16, 1881, a lease of the premises known as the "Worth House" to one Edward S. Stokes, who covenanted, in part consideration for said lease, and by way of rent, to pay the Croton water rents assessed or imposed upon the premises demised. The late Mr. Townsend, in his will, received in evidence herein, had devised all his real property, subject to a life estate in his relict, Mary A., to his five children by name, Amy C., Elizabeth, Sarah Helen, Mary Alice, and Isaac Townsend. Mary A. Townsend, the relict, having died intestate April 16, 1887, Isaac Townsend became her administrator, and distributed the goods and chattels which had been hers to and among Elizabeth A. Bend, Sarah H. Winthrop, Mary A. Sackett, Amy C. Townsend, and Isaac Townsend (himself), as was proven by the decree of the surrogate of New York county, received

in evidence herein. The lease was continued by mutual extensions to May 1, 1894. Before the expiration of this term as extended, the lease was transferred to the Hoffman House, of New Jersey, a foreign corporation, of which Stokes was the promoter, and later president, and which assumed the obligations and liabilities of Stokes under the lease. That corporation fell into difficulties. Stokes was appointed its receiver. While the corporation and its receiver were in possession under the lease, and about April 17, 1894, Stokes purchased at a referee's sale the lease, "subject to all liens of every kind and description," and all rights thereunder, in the name of the "Hoffman House of New York," a new domestic corporation,— which, however, was Stokes in fact, as all the shares belonged to him, though he had put a few into the names of dummy directors. So, being "sole owner and director and manager," having charge of the business of the company, and acting for it, Stokes, in its name, asked and obtained from the plaintiffs as named above a renewal of the lease, under the promise and upon the condition, "sine qua non," said their representative, that the defendant would pay the arrears of water rents which the original lessee had not paid, and for the amount of which this action was brought. The defendant contends, and the learned justice below by his judgment sustained its contention, that the promise has no binding authority upon this defendant, and that it is not shown that the plaintiffs are the parties in interest. That the plaintiffs herein are the real parties in interest is shown prima facie (Hennell v. Lyon, 1 Barn. & Adol. 182; Lawson, Pres. Ev. 307 et seq.) by the identity of their names with the children who were partakers of the inheritance of Isaac Townsend, the elder, and to whom by name he devised the property in his will, in evidence herein, and by the identity of their names with those of the persons to whom the goods and chattels which were of his relict, Mary A. Townsend, were distributed and paid under the decree of the surrogate, also received herein, excepting that, in the interim between the deaths of the parents, three of the children, who were spinsters in the lifetime of the father, apparently became Mrs. Bend, Mrs. Winthrop, and Mrs. Sackett, respectively. Moreover, these plaintiffs were recognized, under date of January 19, 1895, as the owners of the premises, in an instrument entered into between them, under their names as they appear in the title of this action, and Stokes, under and by whom the defendant acquired whatever rights it has to the premises. Outside of the documentary evidence, the case of the plaintiffs rests largely upon the evidence of Stokes, whose testimony might not be disregarded by the learned justice, as he was not party to the case, nor contradicted or impeached by the defendant, who failed even to call the other persons present at the time of the agreement testified to. As the defendant company took the property under these circumstances, it adopted and ratified and took the benefit of whatever was the agreement entered into for it by Stokes, who was then the real company, ostensibly and actually; and so (Burke v. Lincoln-Valentine Co., 28 Misc. Rep. 202, 58 N. Y. Supp. 1077, 1124) it is bound to pay the sum in arrears, as agreed upon, to the successors in legal

interest of Mrs. Townsend and Mr. Hamilton, as executors, and Mrs. Townsend individually, which the plaintiffs have shown themselves to be. The judgment should be reversed.